United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 18, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 25-80235 |
| SONJA HELVIG DEROSA-GRUND, | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 13 |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND
MEMORANDUM REGARDING DISMISSAL OF CASE WITH
PREJUDICE AND GRANTING OTHER RELIEF**

## I.  INTRODUCTION

This case evidences a substantial abuse of the Chapter 13 process by the Debtor. Literally minutes before the first scheduled hearing where the Debtor's conduct and filings were to be called into question, the Debtor filed a motion under 11 U.S.C. § 1307(b) to dismiss the Chapter 13 case and simply failed to appear. While the Court is compelled to dismiss the case under § 1307(b), it will do so with prejudice and will enter the additional protective measures included herein (all as set forth below), in an effort to prevent the substantial abuse that has occurred here from occurring in any future filing and to protect the integrity of the bankruptcy process that allows deserving debtors to address their financial difficulties.

## II.  FINDINGS OF FACT

The Debtor filed this case on May 30, 2025. (ECF No. 1). This was the Friday before the first Tuesday in June, which is foreclosure day in Texas. The filing stopped the foreclosure on the Debtor's property located at 432 Angel Wing, Surfside, Texas 77541 (hereinafter the

"Surfside Property"). It also stayed an appeal in the Third Circuit (Case no. 24-3297, *Indigo Investment Group v. Tony DeRosa-Grund, et al.*) (hereinafter the "Third Circuit Appeal") regarding another property located at 174 Fitzer Road, Frenchtown, New Jersey 08825 (hereinafter the "Fitzer Property").

On June 3, 2025, the Court issued its Order: Possible Future Dismissal of Case listing all the items that the Debtor needed to file to comply with the requirements of the Bankruptcy Code. (ECF No. 7). On June 10, 2025, the Debtor filed a motion to seal and a sealed motion requesting to file her schedules under seal. (ECF Nos. 13 and 14). The Debtor also filed a motion to seal and a motion for permission to file electronically as a pro se debtor (hereinafter "ECF filing privileges"). (ECF Nos. 15 and 16). The Court granted the extension to file the schedules until July 7, 2025, on June 12, 2025, and ECF filing privileges on June 16, 2025. (ECF Nos. 21 and 22). The Court also granted the motions to seal. (ECF Nos. 29 and 30).

Two days after the Court granted ECF filing privileges, the Debtor filed the first of many pleadings and motions, most of which sought emergency consideration, alleging misconduct or seeking sanctions directed at Indigo Investment Group (hereinafter "Indigo") or its counsel. (ECF No. 23). Indigo is a party to the Third Circuit Appeal involving the Fitzer Property. The Debtor's main complaint in this pleading was that counsel for Indigo had contacted her as required by the local rules before filing a motion to lift stay. The balance of the pleading addressed items that were primarily the subject of the Third Circuit Appeal.

On July 7, 2025, the Debtor made various filings as previously required including Schedule C which claimed a homestead exemption on the Surfside Property. (ECF No. 48). On July 10, 2025, the Chapter 13 Trustee set the Debtor's confirmation hearing for August 14, 2025, at 10:00 a.m. (ECF No. 49). On July 15, 2025, the Chapter 13 Trustee convened the section 341(a) meeting of creditors, but the meeting could

not proceed because the Debtor had failed to provide proof of identity. (ECF No. 51 and ECF No. 91-2 at 2, "So, because I cannot confirm identity today, US Trustee is not going to let me go forward with today's meeting.").

Also on July 15, 2025, the case was dismissed for deficiencies including the failure to file payment advices. (ECF No. 53). Prior to the dismissal but also on July 15, 2025, the Chapter 13 Trustee had filed a motion to dismiss the case, citing numerous deficiencies. (ECF No. 52). The next day, the Debtor filed a motion to vacate the dismissal order and a motion for a temporary stay of the dismissal order pending a hearing on the motion to vacate the dismissal. (ECF Nos. 54 and 55).

On July 16, 2025, Indigo filed its response and amended response to the motion to reinstate the case. (ECF Nos. 56 and 58). It also filed a response the pleading alleging misconduct by Indigo and its counsel. (ECF No. 57). Indigo's response addressed each of the arguments raised by the Debtor, several of which were frivolous. The next day, the Debtor filed responses to Indigo's responses to the motion to reinstate and to the response to the response to the pleading alleging misconduct. (ECF No. 60 and 59). This last pleading contained at least two non-existent quotes from two Fifth Circuit cases - *In re Gandy*, 299 F.3d 489 (5th Cir. 2002), and *In re First City Bancorporation of Texas, Inc.*, 282 F.3d 864 (5th Cir. 2002). Apparently in response to correspondence from counsel for one of the parties, the Debtor filed clarifications acknowledging that the quotes had been made up. (ECF Nos. 61 and 62).

On July 18, 2025, the Court entered an order reinstating the Chapter 13 case pending a hearing on the Chapter 13 Trustee's motion to dismiss which was scheduled for August 14, 2025. (ECF No. 63). Hearings were also set on the Debtor's motion to vacate the dismissal for August 14, 2025.

The order reinstating the case pending the hearing gave the Debtor an additional 14 days to comply with many deficiencies that still existed which included but were not limited to:

1. Implementing a wage deduction order or EFT/ACH authorization as required by Local Bankruptcy Rule 1007-1(c).

2. Filing or providing the information required under 11 U.S.C. § 521(a), (b), (e), (f) and (h), and BLR 1017(a)(4), including:
   a. A completed Schedule of Assets and Liabilities on the official form.
   b. A schedule of current income and current expenditures.
   c. Copies of payment advices or other evidence of payment required by 11 U.S.C. § 521(a)(1)(iv).
   d. Completed form 122C, as required by 11 U.S.C. § 521(a)(1)(v).
   e. Copies of tax returns required by 11 U.S.C. § 521(e)(2), or (f).
   f. Proof of identity required by 11 U.S.C. § 521(h).

3. A plan or plan summary pursuant to 11 U.S.C. § 1321 and Local Bankruptcy Rule 3015-1.

4. Payments due Pursuant to 11 U.S.C. §§ 1326 (A)(1) and 1325 (A)(2).

Based on the claimed homestead exemption of the Surfside Property, also on July 18, 2025, the secured lender, Relative Lending, LLC (n/k/a Larry the Lender LLC) filed an objection to the homestead exemption. (ECF No. 64). Specifically, the lender attached a "Designation of Homestead and Affidavit of Non-Homestead", signed by the Debtor at the time the loan was made, representing that a property in Houston was her homestead and that the Surfside Property was not her homestead and specifically disclaiming "all homestead rights, interests and exemptions in and to" the Surfside Property. (ECF No. 64-4).

Indigo filed a motion to determine that the stay did not apply or, in the alternative, to lift the stay with respect to the Third Circuit Appeal and the Fitzner Property on July 25, 2025. (ECF No. 69). This matter was set for August 21, 2025, per the Court's procedures. Indigo subsequently filed a motion to expedite the hearing so that the stay matters would be heard along with the motion to reinstate scheduled for August 14, 2025. (ECF No. 72). The Court granted Indigo's motion to expedite in part on July 28, 2025, expediting the part of the motion seeking a determination as to whether the stay was applicable. (ECF No. 75).

On July 29, 2025, the Debtor filed a motion to strike the objection to the homestead exemption making frivolous procedural arguments saying that because the 341(a) meeting had not been held, the lender could not file the objection to the homestead exemption and taking an insupportable reading of Bankruptcy Rule 4003(b)(1). (ECF No. 76). The Debtor states, "Objector's statement is demonstrably false as confirmed by Rule 4003(b)(1) which provides that an objection to a claimed **exemption may only be filed** 'within 30 days after the meeting of creditors held under §341 is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later.'" (*Id*. at 4-5) (emphasis added). Whereas Rule 4003(b)(1) in fact states, ". . . a party in interest **may** file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under §341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed**, whichever is later**." (emphasis added). So rather than providing a window within which the objection "may only be filed," Rule 4003(b)(1) provides the outside date by which an objection **may be** filed.

On August 1, 2025, the Debtor filed her plan (ECF No. 81), various schedules and forms required by the Bankruptcy Code and the Court's order reinstating the case pending a hearing (ECF Nos. 82 to 88) and a notice of compliance with the Court's order (ECF No. 89). The

Debtor also made a $50 plan payment whereas the plan on file called for $1000 monthly payments. Nothing else was ever paid.

On August 7, 2025, the Debtor filed an emergency motion for an immediate ruling on the ripeness defects related to the homestead objection claiming that "the Court lacks jurisdiction to adjudicate an objection filed before the statutory period commenced." (ECF No. 91 at 2). The Court denied the request for an immediate ruling but set the matter for hearing on August 14, 2025, along with the other matters. (ECF No. 95).

Also on August 7, 2025, the Debtor filed a motion for sanctions directed at Indigo's request for expedited treatment of Indigo's motion for determination that no stay was in effect or in the alternative motion from relief from stay, which the Court had previously granted in part. (ECF No. 92). The Debtor used the Court's order granting the motion in part as the evidentiary basis to seek attorneys' fees for Indigo's alleged "abusive" filing.

On August 8, 2025, the Debtor filed its Emergency Motion to Terminate August 21st Hearing and for Sanctions Based on Indigo's Coordinated Conspiracy to Defraud the Court, Fraudulent Compromise of §341 Meeting, and Systemic Constitutional and Procedural Violations. (ECF No. 96). The Court denied the request to terminate the August 21, 2025, hearing and indicated that it would consider the arguments and any relief request at the time of the hearing by order dated August 11, 2025. (ECF No. 100).

On August 11, 2025, the Debtor filed a supplemental brief related to Indigo's alleged efforts to defraud the Court and a motion for additional sanctions directed at Indigo and its counsel regarding, among other things, the 341 meeting (ECF Nos. 101 and 102). The Debtor also filed a motion to expedite consideration of these two pleadings. (ECF

No. 103). The Court granted the motion to expedite, setting the motion for additional sanctions on August 14, 2025.

The Debtor filed hundreds of pages of pleadings on August 12, 2025. First, the Debtor filed, "Notice of Binding Judicial Admissions and Judicial Estoppel Precluding Indigo Investment Group's Contradictory Witness Strategy" somehow claiming that statements that the Debtor had made in connection with the litigation in New Jersey which resulted in the Third Circuit Appeal, precluded Indigo from calling her as a witness in the matters that were scheduled for the August 14, 2025, hearing. (ECF No. 105). Next, the Debtor filed an Emergency Motion to Permit Testimony of Non-Debtor Spouse and Party in Interest Tony DeRosa-Grund at the August 14 and August 25 Hearings and to Exclude Incompetent Testimony from Debtor. (ECF No. 106). This was the second motion filed by the debtor seeking to avoid testifying at the August 14, 2025, hearing. The Debtor requested that the Court, "Exclude Debtor's testimony as incompetent under Federal Rules of Evidence 602 and 403." (*Id.* at 20). This motion misguidedly suggests that this Court was going to retry the issues subject to the Third Circuit Appeal. And perhaps not surprisingly, requests that the Court, "Grant Tony DeRosa-Grund ECF privileges in this matter" (*Id.* at 20). On August 12, 2025, alone the Debtor filed more than 350 pages of pleadings.

Finally on August 12, 2025, the Debtor filed its response to the objection to the homestead exemption. (ECF No. 108). The first sentence of the introduction of the Debtor's response states, "Larry the Lender's objection is not only legally deficient but evidences a lack of basic due diligence." (*Id.* at 1). It goes on the say, "Larry the Lender's objection is based on several fundamental misunderstandings of well-established Texas homestead law." (*Id.* at 2). Then the Debtor recites Texas law:

> **Established Texas Law**: This assumption contradicts fundamental principles of Texas homestead law. Under Texas law, homestead rights attach automatically when a person moves into and occupies property as their primary residence, **regardless of the property's prior status or any contractual disclaimers**.
>
> **Sims v. Beeson, 545 S.W.2d 262, 263 (Tex. 1976) held that "a property becomes a homestead when the owner actually occupies it as a residence, even if no formal declaration is filed."**
>
> **Norman v. First Bank & Trust, 557 S.W.2d 797, 801 (Tex. Civ. App.—Houston [1st Dist.] 1977) confirmed that "physical occupation of a property as a residence is sufficient to establish homestead protections under Texas law."**

[*Id.* at 2 (emphasis in original)]

These quotes are made up. They simply do not exist in the cases being cited. They are not established Texas law. This response is riddled with made-up quotes and citations to non-existent case. See the reference to *Gonzalez v. Wilkinson*, 453 S.W.3d 875, 881 (Tex. App.—San Antonio 2014) which is a non-existent case. (*Id.* at 6). The Debtor had previously been warned about making up quotes and relying on non-existent cases but nevertheless continued to do so.

On August 13, 2025, the Debtor first filed an emergency motion to permit the testimony of the non-debtor spouse at the hearing on the objection to the homestead exemption and to exclude her testimony. (ECF No. 109). This motion attached an affidavit dated March 26, 2025 (months before the bankruptcy filing) from the non-debtor spouse which

again references made-up law from Fifth Circuit cases. Specifically, the affidavit states, "Defendant continued accepting payments from my wife after this notification, thereby waiving any claim that the Property was not a homestead. (See *In re Niland*, 825 F.2d 801, 815 (5th Cir. 1987))." (ECF No. 109-1 at 1). This quote is strikingly like the reference to the same case in the Debtor's response filed the previous day, "*In re Niland*, 825 F.2d 801, 815 (5th Cir. 1987)—binding precedent in this Circuit— held that a '**lender waives any non-homestead assertion by continuing to accept payments after knowing the borrower has occupied the property as a primary residence**.'" (ECF No. 108 at 4) (emphasis in original). This quote does not exist. The Debtor has been making up case quotes and Texas law for at least four and one-half months.

Next, on August 13, 2025, the Debtor filed a motion to continue the August 14, 2025, hearings because Indigo had responded to the many emergency motions filed by the Debtor. (ECF No. 111). The local rules permit the filing of a response to an emergency motion at any time before the scheduled hearing. Here Indigo was responding to several motions and pleadings (ECF Nos. 71, 92, 96, 101, 102, 105, and 106) including two motions for sanctions containing serious allegations. Almost all the pleadings that Indigo was responding to had been filed within a week prior to the response.

About three and one-half hours later, the Debtor filed an emergency motion to withdraw the reference on the entire case and a stay of all proceedings (ECF No. 113). Following the various filings by the Debtor, this Court set all the emergency motions that had been filed by the Debtor on August 14, 2025. Finally on August 13, 2025, the Debtor filed an emergency motion to appear telephonically (ECF No. 116). This motion was unnecessary because the Local Rules permit virtual appearances unless the Court orders otherwise which was not the case here.

With a hearing scheduled on all matters at 10 a.m. on August 14, 2025, in the minutes before the hearing, the Debtor filed a motion to voluntarily dismiss the case at 9:33 a.m. and then at 9:58 a.m. filed a motion to dismiss the case pursuant to 11 U.S.C. § 1307(b). (ECF Nos. 118 and 119). When the matter was called the Debtor failed to appear. The Court heard from counsel for the various parties-in-interest present. The Court immediately terminated the Debtor's ECF filing privileges. The Court also stated that the case is dismissed under § 1307(b) as opposed to granting the Chapter 13 Trustee's motion to dismiss. The Court further stated that it would enter a dismissal order considering all the facts and the arguments made.

### III. JURISDICTION AND VENUE

28 U.S.C. § 1334(a) provides the District Courts with jurisdiction over this proceeding. 28 U.S.C. § 157(b)(1) states that "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." This proceeding has been referred to this Court under General Order 2012-6 (May 24, 2012). This Court has jurisdiction in this proceeding as it is a core proceeding which the Court can consider under 28 U.S.C. §§157(b)(2)(A). The Court has constitutional authority to enter final orders and judgments. *Stern v. Marshall*, 564 U.S. 462, 486–87 (2011). And venue is proper under 28 U.S.C. §§ 1408 and 1409.

### IV. RELEVANT LAW

11 U.S.C. § 1307(b) provides, "On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable."

### V.     CONCLUSIONS OF LAW

Under § 1307(b), the Court shall dismiss on the request of the Debtor if the case has not been previously converted, so the Court must dismiss this case. Nevertheless, that does not end the inquiry. The Court always has the inherent power to protect the integrity of the court process from abuse. And while the case will be dismissed, there needs to be consequences for the Debtor's action.

Based on the extensive record in this case, the Court concludes that the Debtor has violated Bankruptcy Rule 9011(b) in numerous ways. These include the multitude of filings intended to harass and delay the progress of the case. The various motions for sanctions are particularly egregious. They make serious, malicious statements about the professional conduct of opposing counsel based on frivolous allegations.

The Debtor also repeatedly violated Rule 9011(b) by making arguments based on non-existent caselaw, non-existent cases and by misquoting cases. Misquoting cases has been a pattern and practice for at least the past four months even before this Chapter 13 was filed. This is particularly troubling in this case when the misquotes were brought to the attention of the Debtor early in the case, but she nevertheless persisted in the practice.

The Debtor also abused the process by delaying the Third Circuit Appeal and by staying the foreclosure of the Surfside Property with no real intent to restructure her obligations in Chapter 13. Only $50 was ever paid toward the plan.

Based on the entire record, the Court concludes that it must include certain protective measures in its dismissal in order to ensure that these abuses do not occur in the future, especially given the pattern and practice by the Debtor of misquoting and making up cases.

The Court will enter a separate order:

1- dismissing this case with prejudice to its refiling for one year after entry of the order;
2- striking all the motions for sanctions and all pleadings containing allegations of misconduct filed against Indigo and its counsel at ECF Nos. 23, 71, 92, 96, 101, 102, 105 and 106;
3- terminating the ECF filing privileges and requiring that if the Debtor ever files a request for ECF filing privileges in the future that she attach a copy of this memorandum to the request;
4- requiring the Debtor, if she files any pro se pleadings in the future, to attach copies of all cases cited with the relevant quotes highlighted; and
5- extending the dismissal with prejudice *in rem* to any real property owned by the Debtor.

SIGNED 08/18/2025

_____
Alfredo R Pérez
United States Bankruptcy Judge